CR~16~403

**F I L E D**
IN CLERK'S OFFICE
**UNITED STATES v. ADALBERTO ARIEL GUZMAN** U.S. DISTRICT COURT E.D.N.Y.
**10-CR-074 (S-4) (JFB)**
**August 8, 2013** ★ OCT 18 2018 ★

**CRIMINAL JURY SELECTION** LONG ISLAND OFFICE

## I.    PRELIMINARY STATEMENT TO THE ENTIRE PANEL

**[Before the opening statement to the panel, the court deputy shall call the case into the record and swear in the entire panel.]**

Good morning, ladies and gentlemen.  Welcome to the United States District Court for the Eastern District of New York.  My name is Judge Joseph Bianco and I will be presiding over the trial which is about to begin. We are here this morning to select a jury in a criminal case.

We are about to begin the actual process of selecting the jurors who will hear and decide this case.  Once we have selected a jury, the jury will be told to return on Monday, August 19 to begin the trial with opening statements and the trial is anticipated to take about four weeks from that date.  Once we start the trial on August 19, we will be sitting Monday through Thursday from 9:30 to 4:30, except Labor Day which is a federal holiday.

I thank you for being here.  Your presence reflects your serious commitment to your civic responsibilities.  I recognize that some of you are significantly inconvenienced by your service. Jury service, however, is one of the highest and most important duties of a citizen.  Our system of justice depends on you.  I, like all my fellow judges, am grateful to you for your service.  In a few minutes, if you have an extraordinary personal hardship that prevents you from serving in this case, you will have an opportunity to bring that to the Court's attention.  I emphasize extraordinary because, as I said, I know many of you have jobs or other places you would rather be. The hardship must be extraordinary for you to be excused.  So I appreciate your full cooperation.

The purpose of this procedure is to select a panel of 12 fair and impartial jurors and 6 fair and impartial alternate jurors to try this case.  So I am going to ask you certain questions with respect to your background. I apologize in advance for asking you personal questions, which I must, for the purpose of selecting a fair and impartial jury panel.

2

My questions – and your responses – enable me to determine if any prospective juror should be excused for cause. The questioning also enables the parties to exercise their judgment with respect to their peremptory challenges – that is, challenges for which no reason need be given. Each side has been allotted a certain number of peremptory challenges that they are free to exercise. If at any time you feel uncomfortable for any reason in answering a question in front of other jurors, just ask if you may come up here to the bench at sidebar and I will discuss it with you in the presence of the attorneys and the court reporter only.

If I decide that you should not sit as a juror here, please understand that it does not in any way reflect badly on you. Our system simply requires jurors who not only are totally impartial, but also who lack even the appearance of being partial or biased. Such an appearance may arise from a prospective juror's relationship to the case, the parties, or the subject matter of the case.

If for any reason I decide to excuse you, you may still be able to serve as a juror in a different case, so I will ask you to return to the central jury room.

The Court is following the practice used in other cases in the federal courts of keeping the identities of the jurors confidential.  The Court uses this procedure because this case is likely to attract attention in the media and among the public.  Anonymity will assure that the jury will not be exposed to such prying and to opinions, commentaries and inquiries which might impair its ability to decide the case solely upon the evidence presented in court and upon the law as I instruct.  It is important to ensure the jury will in no way be influenced by the public, by the members of the media and their articles and reports.   I wish to emphasize that I am taking these measures to protect your rights of privacy and to assist you in discharging your responsibility as jurors fairly and impartiality.

## II.   SUMMARY OF THE CASE

So you can understand the reason for the questions I will be asking you shortly, I want to tell you briefly about the case.  As I explained, this is a criminal case.  It is entitled the United States v. Adalberto Ariel Guzman.

In a criminal case, the charges against the defendant are contained in what is called an indictment.  An indictment is not evidence.  It simply contains the charges against the defendant, and no inference may be drawn against the defendant from the existence of the Indictment.  You must always keep in mind that the defendant is presumed innocent, that he has entered a plea of not guilty to the charges against him, and that the Government must prove beyond a reasonable doubt the charges in the Indictment.

I also want you to understand that nothing I say today regarding the description of the case is evidence.  The evidence that you will consider, if

5

selected as a juror, will only come from the trial testimony of witnesses, and from exhibits that are admitted into evidence.

I will now briefly summarize the charges in the indictment. My summary is only intended to assist you in considering whether you can sit as a fair and impartial juror in this case. This case, United States v. Adalberto Ariel Guzman, is a criminal case in which the defendant is charged with federal crimes. This is not a death penalty case. The defendant is charged in an indictment with criminal offenses. Specifically, the indictment in this case alleges that the defendant is a member of La Mara Salvatrucha, also known as the MS-13, and that he committed certain crimes as part of that criminal enterprise, including murder and conspiracy to commit murder in aid of racketeering. The alleged murders at issue in this case are the murders of Vanessa Argueta and her two-year old son Diego Torres in the woods in Central Islip on February 5, 2010. Firearms were allegedly used in connection with these murders.

6

## III.   GENERAL QUESTIONS

Do any of you have any physical problems or an extraordinary personal hardship that would prevent you from serving in this case for the amount of time I have indicated?

Do any you believe that the nature of the charges against the defendant, which include murder and conspiracy to commit murder in aid of racketeering and related firearms offenses, would affect your ability to be a fair and impartial juror in this case?

Do any of you have any difficulty with your sight or hearing that could affect your perception of the proceedings?

Do any of you have any difficulty understanding or reading English?

Do any of you have any religious, moral, or ethical beliefs that would prevent you from passing judgment on another person?

## IV.  INTRODUCTION OF THE PARTIES AND COUNSEL

At this time, I want to take the opportunity to introduce the parties to you.

Mr. Adalberto Ariel Guzman is a defendant in this case.  Mr. Guzman, would you please stand and face the audience.  Thank you.  Mr. Guzman is represented by Gary Villanueva.  Mr. Villanueva, would you please stand and face the audience?

Prosecutions in this district are brought on behalf of the government by the United States Attorney for the Eastern District of New York, Ms. Loretta Lynch.  In this case, the government will be represented by Assistant United States Attorneys John Durham and Raymond Tierney.  I ask that Mr. Durham and Mr. Tierney stand and face the audience.  They will be assisted during the trial by FBI Agents Reynaldo Tariche and James Lopez, Nassau County Police Department Detective Michael Nigro, and Investigator Davis from the Nassau County Sheriff's Department.

Do any of you know or have you had any personal or business dealings with any of these parties or their counsel?

Do any of you know or have you had any personal or business dealings, directly or indirectly, with any relatives or associates of the parties or their attorneys?

Have you or any relative or close friend ever been employed by or had dealings with any of the parties?

Is there any member of the panel who is familiar with anyone else in the courtroom, including all Court personnel or myself?

## V.   WITNESSES

The following individuals may, and I stress the word may, be called to testify as witnesses at trial, or their names may be mentioned during the course of the trial.

[See Gov. List]

Do any of you know or know about, or have any of you had any dealings with any of these individuals?

9

## VI.  BASIC LEGAL PRINCIPLES

Every defendant is presumed innocent and cannot be convicted unless the jury, unanimously and based solely on the evidence in the case, decides that his guilt has been proven beyond a reasonable doubt. The burden of proving guilt rests entirely with the government.  It never shifts to the defendant at any time. The defendant has no burden of proof at all.  Do any of you believe that you would have any difficulty following these rules?

Under the law, a defendant need not testify.  If a defendant does not testify, the jury may not consider that fact in any way in reaching a decision as to whether a defendant is guilty or not guilty.  Do any believe that you would have any difficulty following this rule of law?

The defendant is charged with a number of separate crimes.  Under the law, you must consider each alleged crime separately and the government must prove the defendant of each crime beyond a reasonable doubt. Do any of you believe that you would have any difficulty following this rule?

The indictment is not evidence of guilt. It is simply a charging document. Do any of you believe that the fact that the defendant has been arrested and indicted, and is here in court facing these charges, would cause you to have preconceived opinions on the defendant's guilt or innocence?

Under the law, the facts are for the jury to determine and the law is for the judge to determine. You are required to accept the law as the Court explains it to you even if you do not like the law or disagree with it, and you must determine the facts according to those instructions. Do any of you believe that you would have any difficulty following this instruction?

Under the law, the question of punishment, if any, should not enter your deliberations on guilt or innocence. As I said before, this is not a death penalty case. Do any of you believe that you would have any difficulty following this rule?

Under the law, emotions such as sympathy, bias and prejudice must not enter into the deliberations of the jurors as to whether the guilt of the defendant has been proven beyond a reasonable doubt. Do any of you believe you would have any difficulty following this rule?

11

**[CALL 40 NAMES – PLEASE REMEMBER THE JUROR # YOU ARE GIVEN.  I WOULD LIKE TO EMPHASIZE TO THE REMAINING POTENTIAL JURORS IN THE AUDIENCE TO LISTEN TO THE QUESTIONS CAREFULLY BECAUSE YOU MAY ALSO BE UP HERE IN A MINUTE AND IF YOU ARE CALLED UP, I WILL ASK YOU WHETHER YOU HAVE HEARD THE QUESTIONS I ASK TO THE GROUP OF 40 AND WHETHER YOU HAVE AN AFFIRMATIVE RESPONSE TO ANY OF THEM.  THIS WAY I WILL NOT HAVE TO REPEAT THE QUESTIONS WHEN YOU COME UP.]**

## VII.  QUESTIONS SPECIFIC TO THE CASE

Do any of you know anything about the facts of this case, or have you heard or read anything about the facts of this case?  [IF YES] Have you formed an opinion about whether the defendant is guilty of the crimes with which he is charged?  Have you formed a general opinion as to the defendant based upon anything you have seen, heard or read?

The names of the homicide victims in this case are: Vanessa Argueta and Diego Torres.  The location of their deaths was Connetquot Avenue & Windsor Place, Central Islip, New York.  Do any of you or does anyone you know have any connection with the homicide victims?  Are any of you familiar with the crime scene location?

Do any of you know, or have you visited, any of the following other locations that you may hear testimony about during the trial: [Government will provide list]

14

Do any of you have any belief or opinion regarding any law enforcement agency that would affect your ability to be fair and impartial in this case?

Do any of you have any feelings, beliefs, or opinions regarding criminal defense lawyers and their role within the criminal justice system that would affect your ability to be fair and impartial in this case?

Do any of you have any feelings, beliefs, or opinions regarding prosecutors and their role within the criminal justice system that would affect your ability to be fair and impartial in this case?

During the course of this trial, you will hear testimony from witnesses with all sorts of backgrounds. They are all equal before the law, and you must judge the credibility of each on the basis of his or her own testimony, not on any assumptions about them based on who they are or what they do. Is there anyone who would have any difficulty applying that rule?

15

Some witnesses will be law enforcement officers. Is there anyone who feels that they would automatically believe or disbelieve the testimony of such a witness, rather than judge the testimony on its own merits?

A law enforcement official's testimony is not to be given any more or less credence than any other witness's testimony. Do any of you believe that you would have any difficulty following the Court's instruction in that regard?

You may hear evidence that a witness in this case acted in an undercover capacity at the direction of the FBI and secretly recorded conversations with the defendant and others. This is lawful. Do any of you have any feelings about undercover investigations conducted by law enforcement officers that would make it difficult for you to consider such evidence fairly?

Some government witnesses may testify that they participated in serious crimes, including murder. These witnesses, who may be referred to during trial as cooperating defendants, may have lengthy criminal histories, may have pleaded guilty to crimes and may be testifying pursuant

to agreements with the government in the hopes that their own sentences will be reduced.  Use of these witnesses is lawful, but in evaluating any witness' credibility you may consider that witness' history, characteristics, and background.  Do any of you hold any beliefs and opinions that would affect your ability to evaluate testimony from such witnesses fairly and impartially?  Do any of you believe that you would be unable or unwilling to fairly and impartially assess the testimony of such a witness, in accordance with the Court's instructions?

It is the law that the testimony of a single witness, even a cooperating defendant, can be sufficient to convict a defendant of a charged crime, if the jury finds that the testimony of that witness establishes proof beyond a reasonable doubt.  Do any of you have any opinion or belief about the law or cooperating defendants that would prevent you from applying this rule of law?

Is there anything in what you have seen, heard, read, or experienced about street gangs, including La Mara Salvatrucha, also known as MS-13,

17

that would make it difficult for you to render a fair and impartial verdict in this case?

Would the fact that the defendant is Latino or Hispanic cause you to doubt your ability to serve fairly in this case?

Do you have any opinions about immigration that would affect your ability to be fair and impartial in this matter?

If you were to learn that one of the victims was a minor, would that affect your ability to be a fair and impartial juror in this case?

If you were to learn that the defendant was under 18 years old at the time of the alleged crimes, would that affect your ability to be a fair and impartial juror in this case?

Is there any reason that you might fail to fairly and impartially evaluate all the evidence in this case without fear or favor toward either the government or the defendant?

## IX. LEGAL, GOVERNMENTAL LAW ENFORCEMENT SYSTEMS

Have you or any member of your family or close friends ever been employed by or otherwise affiliated with a law enforcement agency? (This would include a state, federal, county and local police department, the U.S. Attorney's Office, the District Attorney's Office, U.S. Immigration and Customs Enforcement (formerly the Immigration and Naturalization Service), the Department of Homeland Security, the Secret Service, the Federal Bureau of Investigation, the Drug Enforcement Administration, the Internal Revenue Service, all federal, state, county and municipal prosecutor's offices, medical examiner's offices, courts, probation offices, and correctional facilities such as federal prisons, state prisons, local jails, and juvenile facilities)? If yes, what agency?

Have you or any of your relatives or close friends worked for a criminal defense lawyer or private investigator?

Are you or any family members or close friends a law school graduate, lawyer, judge, law clerk, court attendant, or other type of court personnel?

Have you or any family members ever served in the armed forces? If yes, what branch?  What were your duties?  What was your rank?

Have any of you personally or in connection with your business ever been involved in, or expect to become involved in, any legal action or dispute with the United States, or any officers, agents, or employees of the United States, or had any interest in such legal action or dispute or its outcome?

Have you or a family member or close friend ever been charged with, or convicted or, a crime? If so, what type of crime?  If so, do you feel you, your family member, or close friend was treated fairly?  Is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?

Have you ever been investigated for a crime?

Have you or a family member of a close friend ever been the victim of a crime?  If so, what type of crime?

In addition to English, do you read or understand any other languages?

20

## X.   PRIOR EXPERIENCE WITH THE COURT SYSTEM

Have you or any member of your family or any close friend ever participated in a state or federal case, whether criminal or civil, as a witness? If so, what was the case about? Is there anything about that experience as a witness that would prevent you from acting as a fair and impartial juror in this case?

Have you or any member of your family or any close friends ever been a plaintiff or a defendant in a state or federal court case, whether criminal or civil? If so, what kind of case? And, what did it involve? Is there anything about that experience as a party in that case that would prevent you from acting as a fair and impartial juror in this case?

Have you or a relative or close friend ever been the subject of any investigation or accusation by any grand jury or any other investigation, or been subpoenaed for any inquiry or investigation? If so, is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?

## XI.   CATCH-ALL QUESTION

Having heard the questions put to you by the Court, is there any other reason why you could not sit on this jury and render a fair and impartial verdict based on the evidence presented to you and in the context of the Court's instructions to you on the law?

## XII.  QUESTIONS FOR INDIVIDUAL PROSPECTIVE JURORS

[Jurors answer from one-page handout.]

FINAL QUESTION TO EACH JUROR – If you are selected as a juror in this case, will you be able to keep an open mind until all of the evidence and arguments have been presented, and then decide the case fairly and impartially based only on the evidence presented at trial and the law as I explain it to you?

**[CALL COUNSEL FOR FOLLOW-UP QUESTIONS, CAUSE CHALLENGES AND THEN PEREMPTORY STRIKES]**